UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**CALLYSSA BAKER,**

    **Plaintiff,**

v.

    CASE NO.:

**DIGITAL MEDIA SOLUTIONS, LLC,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CALLYSSA BAKER, by and through undersigned counsel, brings this action against Defendant, DIGITAL MEDIA SOLUTIONS, LLC, and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Pregnant Workers Fairness Act, as amended ("PWFA"), 42 U.S.C. § 2000gg *et seq.*, and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 2000gg *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## **PARTIES**

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant operates a company in Clearwater, in Pinellas County, Florida.

## **GENERAL ALLEGATIONS**

6. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII, the PWFA, and the FCRA.

7. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII, the PWFA, and the FCRA.

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

## **FACTS**

### ***Plaintiff is in a Protected Class Due to Her Sex (female) and Due to Her Pregnancy***

11. Plaintiff is a member of a protected class based on her sex (female).

12. Plaintiff is a member of a protected class based on her pregnancy, as she was an expectant mother who was entitled to special protections under the PWFA.

13. On account of Plaintiff's protected status, Plaintiff benefits from the protections of Title VII, the PWFA, and the FCRA.

### *Plaintiff was Qualified for Her Employment Position with Defendant*

14. Plaintiff was employed by Defendant from in or around April 2023 until on or around July 19, 2023, as a call center agent.

15. During her tenure with Defendant, Plaintiff performed the job duties for which she was hired in a satisfactory manner.

### *Plaintiff Suffered Adverse Employment Action*

16. Plaintiff was subjected to disparate treatment on the basis of her sex (due to her pregnancy).

17. Plaintiff was subjected to disparate treatment on the basis of her pregnancy and her request for a reasonable accommodation due to her pregnancy.

18. On or around May 22, 2023, Plaintiff informed Defendant of her pregnancy, and requested the reasonable accommodation of a maternity leave, which she discussed with her Supervisor.

19. At this time, Plaintiff was consistently one of Defendant's top performing employees.

20. However, after Plaintiff informed Defendant of her pregnancy and discussed maternity leave with her Supervisor, the number of leads that Plaintiff was given by Defendant began to significantly decline.

21. Plaintiff asked her former trainer about this decrease in leads.

22. Plaintiff's former trainer expressed surprise about this and informed Plaintiff that Plaintiff had been the top performing employee in her training class.

23. Plaintiff then objected to Defendant's sex and pregnancy discrimination by complaining to Defendant's Human Resources Department ("HR") about the decrease in leads that she was being given by Defendant.

24. However, HR failed to take remedial action.

25. Shortly thereafter, Defendant began retaliating against Plaintiff for having engaged in protected activity, by sending Plaintiff home early at least once per week.

26. Plaintiff continually objected to this retaliation by notifying HR when she was sent home early.

27. Plaintiff's Supervisor informed Plaintiff that she was being sent home early due to low production and accused Plaintiff of having the lowest production out of all other employees.

28. However, Plaintiff discovered that this was, in fact, false.

29. Despite the fact that other employees had lower production than Plaintiff, Defendant discriminated against Plaintiff based on her sex (due to pregnancy) and pregnancy by consistently sending Plaintiff home, rather than other (non-pregnant) employees who had lower production than Plaintiff.

30. Accordingly, Plaintiff objected to this sex (due to pregnancy) and pregnancy discrimination by complaining to her Supervisor about the discrimination.

31. However, Defendant failed to take remedial action.

32. Plaintiff's Supervisor simply instructed Plaintiff to "mind her own business" and "not to worry about other agents."

33. With Defendant, once again, failing to take remedial action, Plaintiff again reached out to her former trainer, who advised Plaintiff to contact HR again.

34. In or around June 2023, Plaintiff contacted HR and complained about being discriminated against (due to her sex and pregnancy) and retaliated against by Defendant, because she previously engaged in protected activity by complaining about sex and pregnancy discrimination.

35. However, again, Defendant failed to take remedial action and merely dismissed Plaintiff's claims.

36. Plaintiff continued to contact HR regarding the sex (due to pregnancy) and pregnancy discrimination, and retaliation.

37. In or around June 2023, while Plaintiff was making numerous complaints to HR regarding the sex (due to pregnancy) and pregnancy discrimination, and retaliation against her, Defendant's retaliation against Plaintiff only increased.

38. Specifically, in or around June 2023, Defendant began sending Plaintiff home early at least twice per week.

39. In fact, on occasion, Defendant would send Plaintiff home early after less than merely two hours of working.

40. On or around July 14, 2023, Plaintiff's Supervisor, Sarah, informed Plaintiff that Plaintiff had received numerous write-ups, despite Plaintiff never having been informed that she received any write-ups.

41. At this time, Plaintiff objected to these write-ups and refused to sign them.

42. However, Sarah reassured Plaintiff that Plaintiff's job was not in jeopardy.

43. On or around July 18, 2023, Sarah again requested that Plaintiff sign the write-ups, so Plaintiff did as she was instructed.

44. The very next day, on or around June 19, 2023, Defendant terminated Plaintiff, based on her sex (due to pregnancy) and pregnancy (including the fact that Plaintiff required and requested a reasonable accommodation of a maternity leave), and in retaliation for engaging in protected activity, in violation of Title VII, the PWFA, and the FCRA.

## COUNT I – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

45. Plaintiff realleges and readopts the allegations of paragraphs 6 through 11, 13 through 16, 18 through 24, and 27 through 44 of this Complaint, as though fully set forth herein.

46. Plaintiff is a member of a protected class under Title VII, based on her sex, due to her pregnancy.

6

47. Plaintiff was subjected to disparate treatment on the basis of her sex, including Defendant refusing to provide Plaintiff with leads, reducing Plaintiff's hours, and terminating Plaintiff's employment.

48. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

49. Defendant's actions were willful and done with malice.

50. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained.

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

51. Plaintiff realleges and readopts the allegations of paragraphs 6 through 11, 13 through 16, and 18 through 44 of this Complaint, as though fully set forth herein.

52. Plaintiff is a member of a protected class under Title VII.

53. Plaintiff exercised or attempted to exercise her rights under Title VII, thereby engaging in protected activity under Title VII.

54. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by reducing Plaintiff's hours and terminating Plaintiff's employment.

55. Defendant's actions were willful and done with malice.

56. In, Defendant took material adverse action against Plaintiff.

57. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)     That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising her rights under Title VII;

    d)     That this Court enter an injunction restraining continued violation of Title VII by Defendant;

    e)     Compensation for lost wages, benefits, and other remuneration;

    f)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    g)     Front pay;

    h)     Any other compensatory damages, including emotional distress, allowable at law;

    i)     Punitive damages;

    j)     Prejudgment interest on all monetary recovery obtained.

    k)     All costs and attorney's fees incurred in prosecuting these claims; and

    l)     For such further relief as this Court deems just and equitable.

## **COUNT III – PWFA DISCRIMINATION**

58. Plaintiff realleges and readopts the allegations set forth in Paragraphs 6 through 10, 12 through 15, 17 through 24, and 27 through 44 of this Complaint, as fully set forth herein.

59. Plaintiff informed Defendant of her pregnancy, inquiring about time off from work to care for herself in preparation for, during, and after the birth of a child.

60. Thus, Plaintiff was an expectant mother who was entitled to special protections under the PWFA, and she required leave protected under the PWFA.

61. By requesting maternity leave that qualified as protected leave under the PWFA, Plaintiff attempted to exercise her rights under the PWFA.

62. Moreover, Plaintiff objected to Defendant discriminating against Plaintiff by refusing to give Plaintiff leads and reducing Plaintiff's hours.

63. By terminating Plaintiff's employment, Defendant interfered with Plaintiff's rights under the PWFA.

64. Defendant's actions were willful and done with malice.

65. Plaintiff was injured by Defendant's violations of the PWFA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the PWFA;

    b) An injunction restraining continued violation of the PWFA by Defendant;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Front pay;

      e)      Liquidated damages;

      f)      Prejudgment interest on all monetary recovery obtained;

      g)      All costs and attorneys' fees incurred in prosecuting these claims; and

      h)      For such further relief as this Court deems just and equitable.

## COUNT IV – PWFA RETALIATION

66. Plaintiff realleges and readopts the allegations set forth in Paragraphs 6 through 10, 12 through 15, and 17 through 44 of this Complaint, as fully set forth herein.

67. Plaintiff inquired about time off from work to care for herself in preparation for, during, and after the birth of a child.

68. Thus, Plaintiff was an expectant mother who was entitled to special protections under the PWFA, and she required leave protected under the PWFA.

69. By inquiring about maternity leave that qualified as protected leave under the PWFA and objecting to Defendant's disparate treatment of Plaintiff based on her pregnancy, Plaintiff attempted to exercise her rights under the PWFA.

70. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for attempting to exercise her rights under the PWFA.

71. Terminating Plaintiff's employment constitutes as an "adverse action" under the PWFA.  42 U.S.C. § 2000gg–1(5).

72. Defendant's actions were willful and done with malice.

73. Plaintiff was injured by Defendant's violations of the PWFA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the PWFA;

    b) An injunction restraining continued violation of the PWFA by Defendant;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Front pay;

    e) Liquidated damages;

    f) Prejudgment interest on all monetary recovery obtained;

    g) All costs and attorneys' fees incurred in prosecuting these claims; and

    h) For such further relief as this Court deems just and equitable.

## COUNT V – FCRA VIOLATION
## (SEX DISCRIMINATION)

74. Plaintiff realleges and readopts the allegations of paragraphs 6 through 11, 13 through 16, 18 through 24, and 27 through 44 of this Complaint, as though fully set forth herein.

75. Plaintiff is a member of a protected class under the FCRA, based on her sex, due to her pregnancy.

76. Plaintiff was subjected to disparate treatment on the basis of her sex, including Defendant refusing to provide Plaintiff with leads, reducing Plaintiff's hours, and terminating Plaintiff's employment.

77. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

78. Defendant's actions were willful and done with malice.

79. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Front pay;

    e) Any other compensatory damages, including emotional distress, allowable at law;

    f) Punitive damages;

    g) Prejudgment interest on all monetary recovery obtained.

    h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## **COUNV VI – FCRA RETALIATION**

80. Plaintiff realleges and readopts the allegations of paragraphs 6 through 10, 12 through 15, and 17 through 44 of this Complaint, as though fully set forth herein.

81. Plaintiff is a member of a protected class under the FCRA, as a female.

82. Plaintiff exercised or attempted to exercise her rights under the FCRA, thereby engaging in protected activity under the FCRA.

83. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA, by reducing Plaintiff's hours and terminating Plaintiff's employment.

84. Defendant's actions were willful and done with malice.

85. In, Defendant took material adverse action against Plaintiff.

86. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

14

c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f) Front pay;

g) Any other compensatory damages, including emotional distress, allowable at law;

h) Punitive damages;

i) Prejudgment interest on all monetary recovery obtained.

j) All costs and attorney's fees incurred in prosecuting these claims; and

k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 9th day of July, 2024.

Respectfully submitted,

*/s/Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
**HANNAH E. DEBELLA**

15

        Florida Bar Number: 1026002
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: bhill@wfclaw.com
        Email: hdebella@wfclaw.com
        Email: aketelsen@wfclaw.com
        **Counsel for Plaintiff**